IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORTEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>GLOBAL GROUND SUPPORT, LLC; AIR T, INC.; DOES 1-10,<br><br>    Defendants. | Case No. 09-4138 SC<br><br>ORDER GRANTING MOTION TO COMPEL INDEPENDENT MEDICAL <u>EVALUATIONS OF JESUS CORTEZ</u> |

**I.  INTRODUCTION**

    Defendants Global Ground Support, LLC, and Air T, Inc. (collectively, "Defendants") filed a motion to compel Plaintiff Jesus Cortez ("Plaintiff" or "Cortez") to submit to two independent medical examinations. ECF No. 33 ("Mot."). Cortez filed an Opposition, and Defendants submitted a Reply. ECF Nos. 42, 44. For the reasons stated herein, the Motion to Compel is GRANTED.

**II.  BACKGROUND**

    Defendants manufacture and sell aircraft ground support trucks and industrial specialty equipment. ECF No. 1 ("Notice of Removal") Ex. A ("Compl.") ¶ 10. Defendants designed and sold the CB 18-228, a scissor lift that allows its users to stand upon a platform that can be elevated for the purpose of loading personnel, equipment, and supplies into aircraft. Id. ¶ 11.

Cortez claims that on June 13, 2008, he was operating a CB 18-228 when it malfunctioned and dropped, crushing his foot and lower right leg. Id. ¶ 13. Cortez alleges that his injury was the direct result of several design defects. Id. ¶ 14. Cortez claims that Defendants were negligent in designing the lift, and that they are liable under the doctrine of strict liability. Id. ¶¶ 25-55. Cortez alleges that as a result of Defendants' negligent and wrongful conduct, he has suffered serious bodily injury, and he has "incurred significant special damages, including, but not limited to past and future wage loss, past and future medical expenses and costs of services." Id. ¶ 24.

## III. LEGAL STANDARD

"The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The movant must show "good cause" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Id. 35(a)(2).

## IV. DISCUSSION

### A. Medical Examination

Defendants seek to compel Cortez to submit to a medical examination by Dr. Harry A. Khasigian ("Dr. Khasigian"). Mot. at 4, Ex. B ("Curriculum Vitae of Dr. Khasigian"). According to Defendants, Plaintiff underwent a number of surgical procedures in the weeks following his accident, and his own physician indicated

2

1  that further surgical intervention was planned.  Mot. at 5; Reply
2  at 2-3.  In his deposition, Cortez's treating orthopedic surgeon
3  testified that he has not seen Cortez since June 2009, well over a
4  year ago.  Reply at 2-4.

5  The Court agrees with Defendants that they are entitled to
6  have an orthopedic surgeon examine Cortez.  "A plaintiff in a
7  negligence action who asserts mental or physical injury . . .
8  places that mental or physical injury clearly in controversy and
9  provides the defendant with good cause for an examination to
10 determine the existence and extent of such asserted injury."
11 Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964) (citation
12 omitted).

13 In a negligence case such as this one, it is only fair that
14 Defendants' orthopedic surgeon should have the opportunity to
15 evaluate the medical condition of Plaintiff's right leg and foot,
16 especially since Plaintiff has not been examined in more than one
17 year.  Dr. Khasigian is permitted to conduct a medical examination
18 of Plaintiff's right leg and foot.  While neither Plaintiff's
19 counsel nor Defendants' counsel can be present, a Tagalog
20 interpreter -- mutually agreed to by the parties -- is permitted to
21 attend.  Dr. Khasigian should be allowed to conduct an orthopedic
22 examination and ask such questions and undertake such non-invasive
23 tests as he deems necessary to evaluate the past, present, and
24 future medical condition of Cortez's right leg and foot.

25 **B.   Vocational Rehabilitation Examination**

26 Defendants seek to compel Cortez to submit to a vocational
27 rehabilitation examination based on Cortez's allegations of future
28 wage loss.  Mot. at 4-5.  Defendants seek to have Cortez examined

3

1  by Gregory W. Sells ("Mr. Sells"), a vocational rehabilitation
2  counselor.  Mot. at 4, Ex. B ("Curriculum Vitae of Mr. Sells").
3  Cortez has already submitted to one vocational rehabilitation
4  examination.  Opp'n at 1.  As Plaintiff has submitted to this
5  examination to support his case, the Court finds good cause for a
6  similar examination by Defendants' chosen counselor.  A Tagalog
7  interpreter -- mutually agreed to by the parties -- is permitted to
8  attend.  Mr. Sells is permitted to perform a standard vocational
9  rehabilitation examination.

### C. Discovery Deadlines

Defendants have scheduled the medical examination for October 12, 2010, at Dr. Khasigian's office in Sacramento, and the vocational rehabilitation evaluation is scheduled for October 19, 2010, at Mr. Sells' office in Sacramento.[1]  See Mot. at 4.  The Court encourages the parties to arrange for the examinations to occur earlier, but the examinations should not occur later than October 19, 2010.  November 19, 2010 remains the cutoff date for all discovery in this case.

///
///
///
///
///
///
///

---

[1] The Court presumes that Cortez resides in or near Sacramento, California.  If this presumption is not correct, then counsel for the parties should meet and confer to arrange for the examinations to occur at a time and location that is not burdensome for Plaintiff.

4

**V.     CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion to Compel Independent Medical Evaluations of Jesus Cortez filed by Defendants Global Ground Support, LLC, and Air T, Inc.

IT IS SO ORDERED.

Dated: September 13, 2010    
                              _____
                              UNITED STATES DISTRICT JUDGE