United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORTEZ, | No. C 09-04138 SC (JCS) |
| Plaintiff(s), | |
| v. | ORDER FOR SANCTIONS |
| GLOBAL GROUND SUPPORT, LLC, ET AL, | |
| Defendant(s). | |

On October 26, 2010, the parties filed a joint letter (the "October 26 Letter") in which plaintiff sought to compel the production of certain documents and information purportedly withheld by the defendants. As Ordered by this Court, the parties had resolved issues raised in a previous discovery dispute, and filed that resolution with the Court (Docket#46). The October 26 Joint Letter sought to force defendants to comply with that agreement. The Court held a hearing on November 5, 2010 and granted in part and denied in part the motion to compel contained in the October 26 Letter. Docket #63. The Court reserved the question of whether plaintiff or defendants should be sanctioned pursuant to Rule 37 in connection with the motion, and provided both parties with an opportunity to submit additional declarations. Having read the additional submissions, the Court now Orders defendants, pursuant to Rule 37, to pay the reasonable attorneys fees and costs incurred by the plaintiff in pursuing a portion of the motion to compel.

Background

In the October 26 Letter, and at the argument on November 5, counsel for defendants asserted that the parties' resolution of discovery disputes filed as Docket #46 did not accurately reflect their agreement. In oral argument, defense counsel accused plaintiff's counsel of sharp

tactics: inserting language into the agreement that had been previously deleted.  Because this allegation involved a claim of serious misconduct, the Court permitted further declarations on the subject.

The chronology of events disclosed in the declarations is as follows.  Plaintiff's counsel sent defense counsel a draft joint letter which contained a joint resolution of, *inter alia*, the dispute concerning document requests numbers 7, 8 and 12.  That resolution included the following representation: "Defendants also represented that they have no other design, assembly or engineering drawings or documents in their possession or control other than the parts drawings they have agreed to produce."  Anderson Declaration Exhibit 3 at 3.  Defense counsel responded with changes and a red-lined version.  *Id*. at Exhibit 4.  Defendants proposed deleting the quoted representation, and proposed making other changes to the agreed upon resolution.  *Id*. at 5.

In response, plaintiff's counsel sent the "next draft."  *Id*. at Exhibit 5.  Plaintiff's draft not only kept in the quoted representation, but made changes to that representation to specify that defendants had no additional drawing for the vehicle in question *or for its prototype*.  *Id.* at 8.  Plaintiff's draft did not red-line the entire representation. However, it did include red-lined changes to the representation.  It is not clear why the new draft only red-lined the changes to the representation, and not the entire representation, but the red-lined changes at least called the reader's attention to the fact that the representation was included in the draft.  There is also no indication in the draft or cover email that plaintiff had agreed to the defense deletions.  Finally, defendants sent their final changes to plaintiff.  *Id*. at Exhibit 6.  Defendants did not make any changes to the representation that was contained in plaintiff's last draft.  As defense counsel put it:  "In my rush to return the letter to Ms. Andrus, I did not notice that the very language I had stricken from the agreement . . . had simply been re-inserted into the revised letter and my redline and strike outs removed."

Analysis

Rule 37 of the Federal Rule of Civil Procedure provides as follows:

"If the motion [to compel] is granted . . .the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . .to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions to this rule are where the movant failed to meet and confer, the non-disclosure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, defense counsel resisted production of documents in response to documents 7, 8 and 12 in part on the basis that the joint letter filed with the Court did not reflect the agreement of the parties, and that plaintiff's counsel snuck the representation discussed above back into the document after it had been deleted. There is no factual basis for this assertion. While it is difficult to determine from Exhibit 5 which document was used for comparison in completing the red lines, the new document does not hide the fact that the representation sought by plaintiff is included. Indeed, the representation is made more specific and those specifics are underlined and in red font – calling attention to the fact that the representation is contained in the document. As defense counsel candidly admitted, in his "rush" he did not notice the relevant language.

Under these circumstances, defendants' position that they did not agree to the language in the joint letter, and that it was snuck into the document, is not substantially justified. Defense counsel had an opportunity to comment or correct the language of the agreement before it was filed with the court. He did not. The defense is therefore bound by the agreement. The court is particularly troubled that counsel chose to personalize this dispute, accusing opposing counsel of sharp practices. While the red-lining was not a model of clarity, there was no effort to mislead the defense.

Accordingly, defendants are ordered to pay the reasonable attorneys' fees incurred in moving to compel further responses to document requests 7, 8 and 12, and in filing the supplemental declaration. Plaintiff shall submit a declaration detailing these fees within seven (7) calendar days of this Order. Defendants may file any response thereto with seven (7) calendar days thereafter.

IT IS SO ORDERED.

Dated: November 16, 2010

_____
Joseph C. Spero
United States Magistrate Judge