IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORTEZ, | ) Case No. 09-4138 SC |
| | ) |
| Plaintiff, | ) ORDER DENYING |
| | ) <u>MOTION TO BIFURCATE</u> |
| v. | ) |
| | ) |
| GLOBAL GROUND SUPPORT, LLC, AIR T, | ) |
| INC., and DOES 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |

The trial in this personal injury action is scheduled to commence on January 10, 2011. ECF No. 29 (Apr. 30, 2010 Status Conf. Order). Defendants Global Ground Support, LLC and Air T, Inc. (collectively, "Defendants") have brought a motion to bifurcate the liability and damage portions of the trial. ECF No. 55 ("Mot.") Plaintiff Jesus Cortez ("Plaintiff") filed an Opposition, ECF No. 61 ("Opp'n"), and Defendants filed a Reply, ECF No. 64 ("Reply").

Plaintiff claims he was injured in an accident that occurred on June 13, 2008 at San Francisco International Airport. ECF No. 1 ("Notice of Removal") Ex. A ("Compl.") ¶ 13. Plaintiff claims that he was an employee of a company that provided catering services to commercial airlines at the airport, and his occupation required him to transport foods using a "scissor lift" -- a service vehicle used to load personnel, equipment, and supplies onto commercial

aircraft. Id. ¶¶ 11-13. Plaintiff alleges that his foot and lower leg was crushed when the platform of a scissor lift designed, marketed, and sold by Defendants malfunctioned. Id. ¶ 13. Plaintiff alleges that Defendants' scissor lift suffers from several design defects and that Defendants failed to provide appropriate instructions for the use of the lift. Id. ¶¶ 14-20.

Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision as to whether to bifurcate a trial rests with the sound discretion of the trial court. United States v. 1,071.08 Acres of Land, Yuma and Mohave Cntys., 564 F.2d 1350, 1352 (9th Cir. 1977).

Defendants' sole argument in favor of bifurcation is that there is a "substantial probability" they will prevail on the issue of liability. Mot. at 4. In fact, eight pages of Defendants' ten-page Motion are dedicated to the merits of the case. But whether a trial should be bifurcated "is primarily a question concerning the court's trial procedure and convenience, not a question concerning the merits of the case." Richmond v. Weiner, 353 F.2d 41, 45 (9th Cir. 1965). Because Defendants have failed to show that bifurcation would serve judicial economy or avoid prejudice, the Court DENIES Defendants' Motion to Bifurcate.

IT IS SO ORDERED.

Dated: December 8, 2010 

UNITED STATES DISTRICT JUDGE

2