IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORTEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>GLOBAL GROUND SUPPORT, LLC, AIR T, INC., and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 09-4138 SC<br><br>ORDER DENYING MOTION FOR <u>SUMMARY JUDGMENT</u> |

**I.   INTRODUCTION**

Before the Court is a Motion for Summary Judgment or Partial Summary Judgment filed by Defendants Global Ground Support, LLC ("Global") and Air T, Inc. ("Air T") (collectively, "Defendants"). ECF No. 65 ("Mot."). Plaintiff Jesus Cortez ("Plaintiff") filed an Opposition, ECF No. 83 ("Opp'n"), and Defendants filed a Reply, ECF No. 92 ("Reply"). For the following reasons, the Court DENIES Defendants' Motion.[1]

---

[1] Defendants did not e-file the exhibits attached in support of their Motion and instead manually filed them, citing General Order 45. General Order 45 permits the manual filing of documents if they are unavailable in electronic format and it is not feasible for the filer to convert them to electronic format. Defendants have manually filed declarations and deposition transcripts, document types that are typically available in electronic format. As such, Defendants erred in filing them manually. The Court also reminds Defendants that General Order 45 provides: "Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission and retrieval."

**II. BACKGROUND**

Plaintiff claims he was injured in an accident that occurred on June 13, 2008 at San Francisco International Airport. ECF No. 1 ("Notice of Removal") Ex. A ("Compl.") ¶ 13. Plaintiff was an employee of Flying Food Group ("FFG"), a company providing catering services to commercial aircrafts at the airport. Id. ¶ 11-13. As an FFG employee, Plaintiff would deliver catering carts stocked with food and utensils to planes preparing to depart; he would also offload catering carts from planes that had landed and transport these carts to FFG's airport facility for cleaning and re-use. Mot. at 1, 4-5. To perform these tasks, Plaintiff operated a "scissor lift" -- a truck with a covered bed that could be raised vertically to interface with aircraft doors high above the tarmac. Compl. ¶¶ 11-13.

Plaintiff claims that, on the day of the incident, he and a coworker were returning the scissor lift to FFG's airport facility after providing an aircraft with catering services. Marino Decl. Ex. 7 ("Cortez Dep.") at 115:1-117:15.[2] FFG's San Francisco Airport facility has a second-floor loading dock used to offload equipment. Marino Decl. Ex. 5 ("Husain Dep.") at 39:18-40:12. Plaintiff claims he parked the scissor lift in FFG's loading area and began to raise the truck bed to the second-floor loading dock. Cortez Dep. at 131:19-132:22. This required Plaintiff to press two buttons on a safety panel mounted near its door. Id. Plaintiff

---

[2] Dominic Marino ("Marino"), counsel for Defendants, filed a declaration in support of the Motion. ECF No. 65-2. Defendants admit in a notice filed with the Court that they mistakenly cite to this declaration as the "Downer Declaration" in their Motion. See ECF No. 66 ("Defs.' Notice of Errata").

2

alleges that before the truck bed reached FFG's second-story dock, it malfunctioned and quickly dropped, trapping his left leg between the scissor lift's moving parts.[3]  Plaintiff claims this injury required multiple surgeries, and that he is likely to never again regain full use of his foot.  Compl. ¶ 22.

The scissor lift in question was designed, manufactured, and configured by Global in its Olathe, Kansas facility.  Davis Decl. ¶ 5.[4]  It was manufactured in July 2000 and originally sold to DFW Truck and Trailer Repair of Texas in November 2002.  Id.  Global is a North Carolina limited liability company with its principal place of business in Kansas.  Compl. ¶ 3.  Global is a wholly owned subsidiary of Air T.  Id. ¶ 6.  Air T is a Delaware corporation with its principal place of business in Maiden, North Carolina. Id. ¶ 4.

Plaintiff alleges that Defendants' scissor lift suffers from design defects.  Id. ¶¶ 14-20.  Specifically, Plaintiff alleges that the positioning of the scissor lift's control panel requires the operator of the scissor lift to stand "with his arms stretched high above his head to reach the controls and treacherously close to the moving parts and pinch points, resulting in an unreasonable

---

[3] It is unclear from the evidence before the Court exactly how Plaintiff's foot was crushed; it is also not clear if the parties disagree as to how Plaintiff's foot was crushed, or if they merely use different terms to refer to the moving parts in question.  The Complaint alleges Plaintiff's foot was crushed in a "pinch point" and "in the steel claws of the platform."  Compl. ¶¶ 14, 22.  In deposition testimony, Plaintiff refers to his foot being caught between "the platform and the grill," Cortez Dep. 146:2-4, the platform and the "guard," id. 146:10-20, and the platform and the "box," id. 141:7-11.

[4] Andrew Davis ("Davis"), a former designer in Global's engineering department, filed a declaration in support of Defendants' Motion. ECF No. 65-4 Ex. B.

risk of severe injury." Id. ¶ 14. Plaintiff alleges that the design of the scissor lift is inconsistent with industry safety standards, that it was not thoroughly and adequately tested by Defendants, and that it did not include adequate safety warnings or safety guards. Id. ¶ 30. Plaintiff's Complaint contains three causes of action: negligent design, strict product liability due to design and warning defects, and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). Id. ¶¶ 25-65. The UCL cause of action is predicated on the first two causes of action. Id. ¶¶ 56-65.

In their Motion, Defendants argue that Kansas law, rather than California law, should apply to Plaintiff's product liability claim, and that under Kansas's statute of repose, Plaintiff's claims are time-barred. Mot. at 2-4. Defendants also argue that Plaintiff has failed to submit any evidence that Plaintiff's injury was caused by the design of the scissor lift control panel. Id. Finally, Defendants argue that the scissor lift had been substantially modified and was being misused at the time of the injury, and this alleged modification and misuse constitutes a superseding cause of the injury, breaking the chain of causation between Plaintiff's injury and any action by Defendants. Id.

### III. LEGAL STANDARD

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If the party moving for summary judgment does not have

the ultimate burden of persuasion, then that party must produce evidence negating an essential element of the non-moving party's claims or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

**IV. DISCUSSION**

    **A. Evidentiary Objections**

In his Opposition, Plaintiff makes numerous objections to the evidence submitted by Defendants in support of their Motion. See Opp'n at 12-15.[5] Because the Court does not rely on most of the evidence Plaintiff objects to in its denial of Defendants' Motion, the Court defers ruling on the bulk of Plaintiff's objections.

---

[5] Plaintiff also filed a separate document expanding on these evidentiary objections. ECF No. 87 ("Pl.'s Objs."). Civil Local Rule 7-3, as revised on September 14, 2010, requires that "any evidentiary and procedural objections to the motion must be contained within the brief or memorandum." Civ. L. R. 7-3(a). Therefore, the Court will only consider evidentiary objections included in Plaintiff's brief.

5

Objections to relied-upon evidence are ruled upon herein.

**B.   Choice of Law**

Defendants argue that the state law of Kansas, rather than California, should apply in this action, and that under Kansas's product liability statute of repose, Kansas Stat. Ann. § 60-3303(a)(1), Plaintiff's action is time-barred.  Mot. at 2. Plaintiff counters that the substantive law of California should apply, and because California has no analog to Kansas's statute of repose, the action is timely.  Opp'n at 22-24.

In California, a three-step test determines whether the law of California or another state applies.  <u>Washington Mut. Bank v. Super. Ct.</u>, 15 P.3d 1071, 1080-81 (Cal. 2001).  First, the proponent of the foreign law must show that it materially differs from the law of California.  <u>Id.</u>  If the laws do materially differ, the court must determine "what interest, if any, each state has in having its own law applied to the case."  <u>Id.</u>  If both states have an interest, the court should select the law of the state whose interests would be more impaired if the law were not applied.  <u>Id.</u>

Under Kansas state law, product liability claims are barred if the defendant proves by a preponderance of the evidence that the harm was caused after the product's "useful safe life" had expired. Kansas Stat. § 60-3033(a)(1).  California has no corresponding limitation on liability.  Thus, the first step of California's choice-of-law analysis is satisfied.

The next step in the analysis is determining what interest California and Kansas have in having their laws applied to the case.  Plaintiff is a California resident whose injury occurred in California and was allegedly caused by a defective product that

entered California through the stream of commerce. California has a high interest in ensuring its citizens are compensated for injuries caused by defective products. Therefore, the Court finds that California has an extremely high interest in having its state law applied in this action.

Defendants note that the scissor lift was "designed, manufactured and configured" in Kansas by a company with its principal place of business in Kansas. Mot. at 2. Defendants argue that because of these facts, Kansas has an interest in protecting "the State's product manufacturer against product liability claims," and cite McCann v. Foster Wheeler, LLC, 225 P.3d 516 (Cal. 2010), in support of their argument. Mot. at 2, 19.

McCann is easily distinguished. In McCann, the plaintiff was allegedly exposed to asbestos at an Oklahoma oil refinery while he was living in Oklahoma; the defendant had designed, manufactured, and provided advice regarding the installation of one of the refinery's boilers. Id. at 518. Forty-four years after the alleged exposure, the plaintiff -- now a California resident -- brought suit in a California state court. Id. California's Supreme Court held that Oklahoma law, rather than California law, should apply, and that due to Oklahoma's statute of repose, the claim was time-barred. Id. at 519. Wrote the Court:

> [P]ast California cases indicate that it is generally appropriate for a court to accord limited weight to California's interest in providing a remedy for a current California resident when the conduct of the defendant from whom recovery is sought occurred in another state, at a time when the plaintiff was present in (and, in the present situation, a resident of) that other state, and where that other state has its own substantive law, that differs from California law, governing the defendant's

>     potential liability for the conduct that occurred within that state.

Id.

Such is not the case here. While Defendants may have designed and manufactured the scissor lift in Kansas, it ultimately entered California through the stream of commerce, and it allegedly injured Plaintiff in California. Plaintiff is a California resident, and was one at the time of the incident. As Plaintiff correctly states in his Opposition, McCann suggests that California law applies where "a defendant manufactures a product in another state and places the product in the stream of commerce in circumstances in which it is reasonably foreseeable that the product will make its way to California, and the product ultimately injures a person who uses it in California." Id. at 537. That is precisely what Plaintiff alleges occurred here. As such, Kansas has no legitimate interest in having its law applied to this action, and Defendants cite no apposite case law holding otherwise.

In sum, the Court finds Defendants' choice-of-law argument to be wholly unsupported by the law and bordering on frivolous. Because Kansas has no legitimate interest in having its law applied in this action, California law will apply. Thus, Defendants' argument that summary judgment is appropriate because Plaintiff's action is time-barred fails as a matter of law.

**B. Causation**

In addition to their choice-of-law argument, Defendants make two related arguments that summary judgment should be granted in their favor. First, they argue that Plaintiff has not introduced any evidence that the location of the scissor lift's control panel

8

caused Plaintiff's injury. Mot. at 2. Second, they allege that the scissor lift had been substantially modified and was being misused by FFG at the time of the accident. Id. Defendants argue that this alleged modification and misuse constitutes a superseding cause of the injury, breaking the chain of causation between Plaintiff's injury and any action by Defendants. Id.

### 1. Lack of Evidence

In California, a plaintiff bringing a product liability claim must make a "prima facie showing that the injury was proximately caused by the product's design." Perez v. VAS S.p.A., 188 Cal. App. 4th 658, 678 (Ct. App. 2010) (citations and internal quotation marks omitted). This requires "evidence that the plaintiff was injured while using the product in an intended or reasonably foreseeable manner and that the plaintiff's ability to avoid injury was frustrated by the absence of a safety device, or by the nature of the product's design." Id. If the plaintiff's prima facie case is met, the burden then shifts to the defendant "to prove, in light of the relevant factors, that the product is not defective." Id.

When "the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation." Stephen v. Ford Motor Co., 134 Cal. App. 4th 1363, 1373 (Ct. App. 2005). Plaintiff relies on the declaration of his expert witness, John R. Manning ("Manning"), to establish causation.[6] Manning is a mechanical engineer who identifies himself as a hazard analysis expert. Id. ¶¶ 2, 6. Manning declares that the location of the scissor lift's controls requires the user to "stand within a few inches of moving parts," increasing the risk that the operator

---

[6] ECF No. 86.

9

would be caught in these moving parts.  Id. ¶ 17.  Manning declares that the control panel was so high that Plaintiff had to stand on the tips of his toes to reach it.  Id. ¶ 13.  Manning theorizes that at the time of the accident, the scissor lift's front platform began to rise prematurely, due to a jam in its gears, "opening a gap between the underside of the front platform and the top of the stanchion."  Id. ¶ 12.  Then, "whatever was causing the forward platform to prematurely lift with the cargo box gave way, allowing the forward platform to fall, crushing Cortez's foot between the top of the stanchion and the bottom of the forward platform."  Id.

In their Reply, Defendants challenge both Manning's logic and his qualifications to offer expert opinions.  Reply at 2-7.  Defendants concede that Manning is an "experienced mechanical engineer," but argue that he is incompetent to render an opinion regarding the design of the scissor lift because "he has no particular experience in the design, manufacture and operation of cabin service vehicles."  Id. at 4.  Defendants argue that his opinion "must be excluded on that basis alone."  The Court rejects this argument -- given his other relevant experience in hazard analysis, Manning's lack of experience in the very specific field of cabin service vehicle safety does not render him incompetent to offer an opinion on the scissor lift's design.

Defendants also argue that Manning's opinions are unreliable because Manning did not perform any testing.  Id. at 6.  Upon review of Manning's declaration, the Court is not convinced.  Defendants may file a motion in limine to bar Manning from testifying at trial or seek his disqualification at a Daubert hearing, but Defendants have not established in this Motion that

10

Manning is unqualified or that is methods are unreliable. Because the Court denies Defendants' challenge to Plaintiff's evidence of causation, Defendants have failed to show that Plaintiff lacks any evidence that the location of the control panel caused his injury.

### 2. Superseding Cause

Defendants also argue that prior to the incident, the scissor lift was "substantially modified" by a third party so the lift could be used as a "catering vehicle," rather than the lift's intended use as a "cabin service vehicle." Mot. at 4. Defendants argue that this alleged modification and misuse constitutes a superseding cause of the injury, destroying the causal link between Plaintiff's injury and any conduct by Defendants and supporting summary judgment as a matter of law in favor of Defendants. Id.

A defendant may rebut a plaintiff's prima facie showing of a product defect through proof of a superseding cause of the injury. Perez, 188 Cal. App. 4th at 680. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Id. (quoting Rest. 2d Torts § 440). In California, a showing of more than mere negligence by the intervening actor is required: "Third party negligence which is the immediate cause of an injury may be viewed as a superseding cause when it is so highly extraordinary as to be unforeseeable." Id. at 681.

Defendants introduce evidence they argue shows that the scissor lift had been modified -- in particular, they claim its rear platform had been removed "and the rear of the truck body was extended . . . requiring the installation of additional side walls,

11

floor panels and ceiling panels." Mot. at 4. Defendants suggest that these alterations were made so the scissor lift could be used to transport used catering materials from commercial aircraft to FFG's second-story loading dock for cleaning, and that such second-story loading docks were neither standard in the industry nor foreseeable. Id.

Plaintiff makes numerous challenges to Defendants' argument. For instance, Plaintiff disputes Defendants' contention that the scissor lift was designed to be a "cabin service vehicle," and not a "catering vehicle." Opp'n at 12. Plaintiff offers as evidence a Global sales brochure, which indicates that Global manufactured only one type of cabin service vehicle, the CS18-228, while the scissor lift in question was the CB18-228. Id.[7] Plaintiff argues that if the scissor lift was designed to be a catering vehicle, then FFG's use of the lift was consistent with its intended use and not a superseding cause of the accident. Id.

The Court finds that this contention alone constitutes a dispute of material fact precluding summary judgment. There are

---

[7] Plaintiff also objects to the evidence relied upon by Defendants. Opp'n at 12-15. Plaintiff objects to the declarations of Mark Strauss, Davis, and Marino, arguing they contain statements that are conclusory, not based on personal knowledge, contradicted by former testimony, related to ultimate facts which the jury must determine, and inadmissible hearsay. Id. Without engaging in an in-depth analysis of the three declarations, the Court agrees that many of the statements in these declarations suffer from these defects. For instance, Davis's statement, "The Cabin Service Vehicle was being misused by Flying Food Group and by Jesus Cortez at the time of the accident," Davis Decl. ¶ 19, is clearly a conclusory statement of fact. As such, the Court does not rely on these statements in making its determination. The Court also warns Defendants that the multiple argumentative statements in their declarations violate Civil Local Rule 7-5(b)'s requirement that declarations must contain only facts and conform as much as possible to the requirements of Rule 56(e) of the Federal Rules of Civil Procedure.

several other disputed material facts that make summary judgment inappropriate. These include: whether the third-party modification of the scissor lift was significant; whether this modification was foreseeable; whether FFG's use of the scissor lift constituted misuse; whether this alleged misuse was foreseeable; and whether this alleged misuse was a substantial factor in causing Plaintiff's injury. Therefore, the Court rejects Defendants' argument that no reasonable jury could find that the modification and use of the scissor lift was not a superseding cause of Plaintiff's injury.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Summary Judgment or Partial Summary Judgment by Defendants Global Ground Support, LLC, and Air T, Inc. The Pretrial Conference scheduled for January 7, 2011 in Courtroom 1, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, at 10:00 A.M., remains on calendar. The trial start date of January 10, 2010 remains unchanged.

IT IS SO ORDERED.

Dated: December 15, 2010

UNITED STATES DISTRICT JUDGE